## THE MARY LORD.

### CARSON v. CLAIMANTS OF THE MARY LORD.

### *In re* Petition of LORD, Owners, etc.

*(Circuit Court, D. Maine. March 7, 1887.)*

SHIP-OWNERS—LIMITATION OF LIABILITY—ORIGINAL JURISDICTION.

The circuit court has not original jurisdiction of proceedings to limit the liability of ship-owners by virtue of admiralty rule 58, which provides that all the rules and regulations for proceedings in cases where ship-owners desire the benefit of the limitation of liability "shall apply to the circuit courts of the United States, where such cases are or shall be pending in said courts upon appeal from the district courts," or otherwise. The proceedings must originate in the district court.

In Admiralty. On motion to dismiss the petition.

The collision, which was the subject of the original suit, occurred in November, 1883. The libel was filed in December, 1884, and the opinion of the district court, finding the Mary Lord solely in fault for the collision, is reported in 26 Fed. Rep. 862. In June, 1886, the circuit court, on appeal, affirmed the decree of the district court, and entered a

decree providing for judgment and executions against the principals and stipulators in the several stipulations which had been entered into in the suit. Before executions issued, however, the respondents and petitioners filed in this suit a petition for limitation of their liability as owners of the schooner Mary Lord. And, upon application, the court, following the practice indicated in *Norwich Co.* v. *Wright,* 13 Wall. 104, 126, 128; *The Benefactor,* 103 U. S. 239, 243, 244, 249, 250,—ordered a stay of execution upon the final decree in the original cause of collision. Libelant now moves to dismiss the petition, on the ground that the circuit court has no original jurisdiction of it.

*Almon A. Strout,* for respondents and petitioners, owners of the schooner Mary Lord.

*Edward S. Dodge,* for libelant, Carson.

Colt, J. The point taken by the libelant, that the circuit court has no jurisdiction over this proceeding except upon appeal, and that the petition should be filed in the district court, appears to me, on a review of the whole subject, to be sound. That such was the law previous to the adoption of admiralty rule 58 cannot be doubted, and I do not think this rule was intended to give original jurisdiction in these cases to the circuit court, but only jurisdiction where, as the rule specifies, "such cases"—*i. e.,* cases of proceedings to limit liability—are pending, upon appeal from the district court. This rule was the outcome of the decision in *The Benefactor,* 103 U. S. 239. In that case the supreme court reversed the decision of the circuit court, and the question arose whether further proceedings for limiting the liability of the owners should be had in the district or the circuit court. The original proceeding was begun in the district court, appealed to the circuit court, and then to the supreme court, and the supreme court decided that further proceedings might be had in the circuit court, and, in order to avoid all future objections as to the ability of the circuit court to proceed, promulgated the fifty-eighth rule.

It has been held that, under the statute (sections 4282–4287, Rev. St.) conferring the right of limitation of liability of ship-owners, the district courts, as courts of admiralty, have jurisdiction; that the circuit court has not jurisdiction; and that, unless the district courts have jurisdiction, it must be inferred that congress passed a law incapable of execution. *Norwich Co.* v. *Wright,* 13 Wall. 104, 123; *Providence & N. Y. S. S. Co.* v. *Hill Manuf'g Co.,* 109 U. S. 578, 598, 599, 3 Sup. Ct. Rep. 379, 617.

In the rules promulgated by the supreme court, vessel owners are directed to file in the proper district court a libel or petition. Admiralty Rules 54, 57. Neither the decision of the supreme court in *The Benefactor* nor rule 58 changes this. Indeed, it is difficult to see how original jurisdiction can be conferred on the circuit court except by act of congress. In no case has it been held that the circuit court has any original jurisdiction under this act. *The Luckenback,* 26 Fed. Rep. 870, is a recent case bearing on this question, and the reasoning of Judge

BROWN is to the effect that rule 58 was not intended to determine the place where the original proceedings to limit liability should be commenced.

These considerations render it unnecessary for me to express any opinion upon the other point taken by libelant, viz., that this petition cannot properly be filed *in this suit*, and at this stage thereof, aside from the question of jurisdiction. Petition dismissed.